CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 22 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| RICKY LEE PRITCHETT, ) | |
| ) | |
| Petitioner, ) | Case No. 7:06CV00727 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Respondent. ) | |

Before me now is the Respondent's Motion to Dismiss in Response to Petitioner's Motion for Relief Pursuant to Title 28, United States Code, Section 2255. For the reasons stated herein, I will **GRANT** the Respondent's Motion to Dismiss. The case will be **DISMISSED** from the docket of the Court.

## I. STATEMENT OF THE CASE AND PROCEDURAL BACKGROUND

On December 11, 2003, a Grand Jury in the Western District of Virginia indicted the Petitioner, Ricky Lee Pritchett, on one count of distributing, on August 7, 2003, more than five grams of a mixture or substance containing cocaine base ("Count One") and one count of distributing, on October 29, 2003, more than fifty grams of a mixture or substance containing cocaine base ("Count Two"). Pritchett pled guilty to Count Two on April 16, 2004, pursuant to a plea agreement which dropped Count One. His pre-sentence report classified him as a career offender, and Pritchett learned that he would face a much longer range of incarceration under the guidelines than he or his attorney anticipated. At the sentencing hearing, I determined that

1

neither Pritchett nor his attorney knew that the guidelines would classify him as a career offender when Pritchett entered his plea. Thus, I allowed him to withdraw his plea of guilty. At that time, the government offered Pritchett the opportunity to enter a plea of guilty to Count One instead of Count Two. Pritchett accepted the government's offer, and I sentenced him to 188 months under the sentencing guidelines.

He appealed his sentence to the United States Court of Appeals for the Fourth Circuit, which affirmed on February 24, 2006. Thereafter, he filed a Petition to Vacate, Correct or Set Aside Sentence, Pursuant to 28 U.S.C. § 2255, on December 11, 2006. The United States filed a Motion to Dismiss on March 2, 2007, and Pritchett filed a Traverse to Government's Response on March 14, 2007. Therefore, the issue is fully briefed and ripe for decision.

## II. LEGAL STANDARD

Dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief."[1] *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (citation omitted). When considering a motion to dismiss, the Court should accept as true all well-pleaded allegations and construe those allegations in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Thus, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45—46 (1957).

---

[1] With some exceptions, the Federal Rules of Civil Procedure apply to proceedings filed under 28 U.S.C. § 2255. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 12.

2

## III. DISCUSSION

Pritchett contends that I erred by considering the drug weight alleged in Count Two when I sentenced him on Count One, to which he plead guilty. Under *United States v. Booker*, 543 U.S. 220, 244 (2005), "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." In this case, Pritchett contends that because he did not admit to possessing the drug weight alleged in Count Two and a jury did not find that he possessed that drug weight, his sentence violated the Sixth Amendment of the United States Constitution.

As a general rule, a petitioner on collateral attack may not relitigate the same issues the appellate court considered on direct appeal, absent a change in law. *United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (*citing Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976)). The Fourth Circuit considered this very claim on direct appeal and determined that "[n]o Sixth Amendment violation occurred here." *United States v. Pritchett*, 170 Fed. Appx. 252, 255 (4th Cir. 2006). Because Pritchett has not pointed to any change in law that would impact the Fourth Circuit's result, I am bound to uphold the Fourth Circuit's decision.

Moreover, a close reading of Pritchett's petition reveals that he bases his argument upon a misreading of the United States Code and the Federal Sentencing Guidelines. Pritchett has not seriously challenged the Court's finding that he was a career offender.[2] The guidelines determine

---

[2]Pritchett argues that "based solely upon those facts he admitted" the maximum penalty for his offense "was a Guideline Range of 78 to 97 months." Clearly, he arrived at this sentencing range by not classifying himself as a career offender. Therefore, Pritchett implies that I improperly classified him as a career offender because he did not admit his prior convictions. Nonetheless, *Booker* clearly states that a judge may legally consider a defendant's prior record in

3

a career offender's offense level by reference to the maximum punishment the applicable statute authorizes for the crime. U.S. Sentencing Guidelines Manual § 4B1.1 (2003). Pritchett contends that the maximum punishment authorized by statute for distributing more than five grams of a mixture or substance containing cocaine base is twenty years under 21 U.S.C.A. § 841(b)(1)(C). As a result, he claims that the appropriate offense level for his crime was twenty nine. U.S. Sentencing Guidelines Manual § 4B1.1 (2003). Pritchett then uses the sentencing table to determine that the appropriate guideline range for his crime should have been 108 to 135 months. U.S. Sentencing Guidelines Manual Chapter 5, Part A (2003). Because his sentence exceeded this range, Pritchett concludes that I sentenced him to a greater amount of time, 188 months, by assigning an offense level of thirty four to his crime based upon an inappropriate finding that he distributed fifty or more grams of a mixture or substance containing cocaine base.

Pritchett's confusion results from his failure to identify the appropriate statutory maximum penalty for the crime to which he pled guilty. Under 21 U.S.C.A. § 841(b)(1)(B), the maximum penalty for distributing five or more grams of a mixture or substance containing cocaine base is a term of imprisonment of forty years, not twenty years as Pritchett suggests. Consequently, the appropriate base offense level for Count One is indeed thirty four. U.S. Sentencing Guidelines Manual § 4B1.1 (2003). The record indicates that I allowed Pritchett a three point credit for accepting responsibility. As a result, the total offense level was thirty one. Because a career offender automatically has a criminal history category of six, the guidelines

---

fixing the sentence, even if the prior convictions have not been admitted by the defendant or found by a jury. *Booker*, 543 U.S. at 244. Because I found that Pritchett was a career offender based on his prior record, that finding did not violate *Booker*. Pritchett has not advanced any further objection to his classification as a career offender.

4

produced a sentencing range of 188-235 months.[3] U.S. Sentencing Guidelines Manual § 4B1.1, §5A (2003) Clearly, I sentenced Pritchett to a term of imprisonment within the guidelines based upon the facts to which he pled guilty.[4]

## IV. CONCLUSION

For the reasons stated above, I will **GRANT** the Respondent's Motion to Dismiss.

---

[3]Somewhat cryptically, Pritchett concludes that an offense level of 29 would have yielded a sentence of 108 to 135 months in his case. Given Pritchett's criminal history category of six, an offense level of 29 should have resulted in a sentencing range of 151-188 months. Apparently, Pritchett also confused criminal history points with criminal history category, as six criminal history points would have given Pritchett a criminal history category of three and the sentencing range he suggests. As a result, even if Pritchett were correct about the maximum penalty for Count One, his sentence would have fallen within the guideline range, albeit at the high end.

[4]The government contends that Pritchett waived his right to collaterally attack his sentence in his plea agreement. Pritchett responds that "valid Appeal waivers permit Defendants to pursue claims of . . . sentences above the statutory maximum." The Fourth Circuit has indeed found that a defendant cannot waive "his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit has also implied that this rule extends to challenges to sentences on collateral attack. *United States v. Lemaster*, 403 F.3d 216, 220 n.2 (4th Cir. 2005). Nevertheless, the Fourth Circuit has also determined that a defendant may waive an otherwise valid *Booker* claim under the Sixth Amendment in a plea agreement. *United States v. Blick*, 408 F.3d 162, 170 (4th Cir. 2005). Because Pritchett does not claim that I sentenced him above the statutory maximum but asserts that I relied on factors outside his plea agreement not found by a jury to sentence him to a greater term of imprisonment than he would have been otherwise eligible for under the guidelines, I believe that this is probably the type of claim that a Defendant could waive in a plea agreement.

Nonetheless, it is not clear from the record whether the parties amended the plea agreement or withdrew the first plea and entered a second plea that fell outside the agreement. The plea agreement itself contains no signs of alterations, and the parties have submitted no copy of a second plea agreement for the record. Moreover, the parties' statements on the record do not resolve this issue. Consequently, I cannot clearly determine if the parties intended for the terms of the original agreement to also apply to Pritchett's second plea. Therefore, I will reserve ruling on the issue of waiver because I believe the other grounds upon which I will dismiss Pritchett's petition are sufficient.

5

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record. The case will be **DISMISSED** from the docket of the Court.

ENTERED this 22nd day of May, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge